UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Felix Gitelman,

      Plaintiff,

-against-

Transunion, LLC,
Equifax Information Services, LLC,
Experian Information Solutions, Inc.,
Genesis Credit Management d/b/a Columbia Debt Recovery, LLC,

      Defendant(s).

-----------------------------------------------------------------------x

C.A. No.: 1:24-cv-1919

DEMAND FOR JURY TRIAL

## COMPLAINT

Plaintiff Felix Gitelman ("Plaintiff"), by and through his attorneys, and as for his Complaint against Defendant Transunion, LLC ("Transunion"), Defendant Equifax Information Services, LLC ("Equifax"), Defendant Experian Information Solutions, Inc. ("Experian"), and Defendant Genesis Credit Management d/b/a Columbia Debt Recovery, LLC ("Genesis"); respectfully sets forth, complains, and alleges, upon information and belief, the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

4. Plaintiff also brings this action under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

**PARTIES**

5. Plaintiff is a resident of the State of New York, County of Queens.

6. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c) and 15 U.S.C.§ 1692a(3).

7. Transunion is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Transunion is a Delaware corporation registered to do business in the State of New York and may be served with process upon the Prentice-Hall Corporation System, its registered agent for service of process at 80 State Street, Albany, New York 12207.

8. At all times material hereto, Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

9. At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

10. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax is a Georgia corporation registered to do business in the State of New York and may be served with

process upon the Corporation Service Company, its registered agent for service of process at 80 State Street, Albany, New York 12207.

11. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

12. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

13. Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian is an Ohio corporation registered to do business in the State of New York and may be served with process upon the C T Corporation System, its registered agent for service of process at 28 Liberty Street, New York, New York 10005.

14. At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

15. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

16. Genesis is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, with an address for service of process, care of Corporation Service Company, located at 80 State Street, Albany, New York 12207.

17. Genesis is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

18. Genesis regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

19. The subject obligations are consumer-related, and therefore each considered a "debt" as defined by 15 U.S.C.§ 1692a (5).

20. Genesis uses the instruments of interstate commerce or the mail in their respective businesses, the principal purpose of which is the collection of debts.

## FACTUAL ALLEGATIONS

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

22. The Complaint pertains to a debt reported by Genesis with an original creditor of "Vitagragh" with an account number of DLOGDER001001007 ("Account").

23. The Complaint pertains to a consumer debt for outstanding rent, originally incurred by Plaintiff, to non-party original creditor, 1277 Holdings LLC.

24. Pursuant to a stipulation of discontinuance issued on March 24, 2022, 1277 Holdings LLC confirmed that the building was sold but they "did not assign the rental arrears that are the subject of this case".

25. The stipulation further states "respondents acknowledge that they have settled their differences, and this stipulation shall act as a general release, whereby each party releases the other from any and all claims in regard to the subject building."

26. Pursuant to a deed dated March 23, 2022, Vitagraph Reit, LLC ("Vitagraph") purchased the subject property at 1277 East 14th Street.

27. Upon information and belief, approximately ten months after purchasing the property located at 1277 East 14th Street, Vitagraph sold and/or transferred an erroneous debt that was already settled to Genesis for the purpose of debt collection.

28. Despite the fact that Vitagraph did not acquire an outstanding debt from the previous owner, they deceptively attempted to collect a debt un-owed.

29. On or around January 2023, after the subject debt was purchased by Genesis, they began reporting the Account as a derogatory collection account with an outstanding balance in the amount of $31,000 on Plaintiff's credit reports, in violation of the FDCPA.

30. Genesis's reporting of the Account is an illegal attempt to collect a debt, as Genesis falsely reports the legal status, character and amount of Plaintiff's outstanding debt.

## Genesis Dispute and Violation

31. Upon information and belief, on a date better known to Transunion, Equifax, and Experian ("Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information.

32. The inaccurate information furnished by Genesis and published by the Bureaus is inaccurate as it lists an outstanding balance for debt Plaintiff does not owe.

33. Additionally, the original creditor noted on the Account never acquired the debt to enable them to legally collect on it.

34. The Account is reporting as a collection account, which is a derogatory account that serves to artificially lower Plaintiff's credit score and perceived creditworthiness with potential lenders.

35. Furthermore, the Account reports with an inaccurate outstanding balance in the amount of $31,000, which further serves to artificially deflate Plaintiff's credit score and perceived creditworthiness with potential lenders.

36. Prior to acquiring and reporting this derogatory Account, Genesis clearly did not investigate the validity of the debt.

37. Genesis is therefore reporting a false derogatory Account, which is severely impacting Plaintiff's creditworthiness.

38. Each derogatory account listed on a credit report has an additionally negative impact to a consumer's overall credit score and perceived creditworthiness with potential lenders.

39. In fact, Plaintiff settled the subject debt and no further payment is outstanding.

40. Plaintiff disputed this Account with a dispute letter dated September 26, 2023.

41. In the dispute letter, Plaintiff outlined the factual history of the debt and enclosed the documentation proving that the debt was settled as to the owner of the debt.

42. Plaintiff received a form response from Transunion stating it was "verified accurate."

43. Plaintiff subsequently sent his dispute and supporting documentation to Equifax and Experian.

44. Genesis is restricted from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

45. Genesis is specifically withheld from falsely representing the character, amount or legal status of the debt.

46. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors.

47. This inaccurate information on Plaintiff's credit report has negatively affected his credit score.

48. Plaintiff was even denied new forms of credit from several potential lenders due to Defendants' actions and omissions.

49. Potential credit grantors reviewed Plaintiff's credit reports, as evidenced by soft and hard pulls on Plaintiff's credit reports.

50. Plaintiff applied for the Citi Advantage Platinum credit card and was denied.

51. Plaintiff applied for several personal loans and was denied due in substantial part to the erroneous collection account reporting on his credit report.

52. Plaintiff experienced great difficulty obtaining new lines of credit due in substantial part to Defendants' inaccurate reporting.

53. As a result of The Bureaus's failure to comply with the FCRA and Genesis's failure to comply with the FDCPA and the FCRA, Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

54. The derogatory Account is also reporting inaccurately on the credit reports associated with Plaintiff's spouse, Rachel Weisberg.

## FIRST CAUSE OF ACTION
**(Willful Violation of the FCRA as to the Bureaus)**

55. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

56. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

57. The Bureaus violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained concerning the Plaintiff.

58. The Bureaus have willfully and recklessly failed to comply with the Act. The failure of the Bureaus to comply with the Act includes but is not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

    h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

59. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on

future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

60. The conduct, action and inaction of the Bureaus was willful rendering the Bureaus liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

61. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681 (n).

WHEREFORE, Plaintiff, Felix Gitelman, an individual, demands judgement in his favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION

**(Negligent Violation of the FCRA as to the Bureaus)**

62. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

63. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

64. The Bureaus violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

65. The Bureaus have negligently failed to comply with the Act. The failure of the Bureaus to comply with the Act includes but is not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

66. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

67. The conduct, action and inaction of the Bureaus was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

68. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Felix Gitelman, an individual, demands judgement in his favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION

### (Willful Violation of the FCRA as to Genesis)

69. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

70. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

71. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

72. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

73. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

74. Genesis violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

75. As a result of the conduct, action and inaction of Genesis, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

76. The conduct, action and inaction of Genesis was willful, rendering Genesis liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

77. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Genesis in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Felix Gitelman, an individual demands judgement in his favor against Genesis in for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION

**(Negligent Violation of the FCRA as to Genesis)**

78. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

79. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

80. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information in a consumer credit report.

81. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

82. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

83. Genesis is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

84. After receiving the Dispute Notice from the Bureaus, Genesis negligently failed to conduct its reinvestigation in good faith.

85. A reasonable investigation would require a furnisher such as Genesis to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

86. The conduct, action and inaction of Genesis was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

87. As a result of the conduct, action and inaction of Genesis, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on

future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

88. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Genesis in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Felix Gitelman, an individual, demands judgement in his favor against Genesis for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## FIFTH CAUSE OF ACTION

### (Violations of the FDCPA as to Genesis Credit Management)

89. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

90. Genesis's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

91. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

92. Genesis violates §1692e:

   a. By misrepresenting the true character and/or legal status of the alleged debts in violation of §1692e(2)(A); and

   b. By making a false and misleading representations/omissions in violation of §1692e(10).

93. By reason thereof, Genesis is liable to Plaintiff for judgment in that their conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

94. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For actual damages, statutory damages and reasonable attorneys' fees and expenses pursuant to the FDCPA as to Genesis;

h) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: March 15, 2024                                Respectfully Submitted,

*/s/ Tamir Saland*
Tamir Saland, Esq.
Stein Saks, PLLC
One University Plaza, Suite 620
Hackensack, NJ 07601
P. (201) 282-6500 ext 122
F. (201) 282-6501
steinsakslegal.com

*Counsel for Plaintiff*